### STEIN et al. v. HARTSHORNE et al.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

EVIDENCE—DAMAGES—BREACH OF CONTRACT.
In an action for breach of a contract to deliver unstamped 5 per cent. bonds of the Southern Pacific of California Railway Company to plaintiffs in New York on September 3, 1903, evidence that a witness knew of a transaction in such bonds in San Francisco in August, 1903, in which the bonds were sold at $118, was inadmissible as tending to show the market value of the bonds in New York on September 3d; it appearing that the bonds were inactive on the Exchange in New York, and that there was no market price for them there on that date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 416–419.]

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Meyer A. Stein and another against Edward C. Hartshorne and others. From a judgment for plaintiffs, and from an order denying defendants' motion for a new trial, they appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

William C. Cammann, for appellants.
Jerome Eisner, for respondents.

SCOTT, J. The plaintiffs are dealers in bonds and investment securities, and the defendants are stock brokers, and both transact their business in the city of New York. The action is for damages for defendants' failure to deliver to plaintiff $50,000 of unstamped 5 per cent. bonds of the Southern Pacific of California Railway Company. The sale of the bonds by defendants to plaintiffs on September 2, 1903, and the failure to deliver them was not disputed; the sole controversy being as to the amount of damages recoverable. The sale price was $112. The bonds were very inactive, few sales being reported, and these at long intervals. It appears that of the total issue of bonds some were stamped with an agreement giving the company the right to redeem them at 107.50 in 1905. The remainder, being unstamped, matured in 1937, and were not redeemable until then. The unstamped bonds, such as defendants sold, were scarce and not easily obtainable, and commanded a higher price than the stamped bonds. There was great difficulty in proving the market price of unstamped bonds, or that there was any market price for them on September 3, 1903, the date on which the bonds should have been delivered. There was evidence of a sale on September 1, 1903, but it was not made entirely clear whether the subject of the sale was stamped or unstamped bonds. Failing direct evidence of market value in New York on September 3, 1903, owing to the lack of evidence of actual sales, both sides called expert witnesses to estimate the value of the bonds on the day of delivery; their estimates being computed upon their opinion as to the income basis upon which the value should be estimated and the length of time the bonds had to run. Their estimates of value varied considerably according to the income they severally considered a purchaser should be content to realize from an investment in the bonds, taking into account the general condition of the market and the price at which other bonds of a similar character were sold. One of the witnesses for the plaintiff was permitted to state that "he knew of a transaction in San Francisco in August, 1903, at 118"; and the refusal to strike this evidence out is assigned as error. We think that the evidence was incompetent. It is evident that the witness had no personal knowledge of the transaction, and it is not shown what the transaction was, or at what time in August it took place. The sale by defendants was made in New York, and the delivery should have been made in that city on December 3d, and a transaction some time in August in San Francisco was too indefinite to furnish a just basis for estimating damages. We cannot say that this evidence did not affect the verdict, for the jury found damages based upon the assumption that the bonds were worth 118 in New York on September 3, 1903. .

The judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). As I understand the rule, upon a breach of a contract for the sale of securities of this character, where there is no market value, any evidence tending to show the actual value

of the securities at the time and place of delivery is admissible. In the absence of any market value or purchase and sale of securities at the time and place of delivery, it seems to me that evidence of a sale in another city with which there is constant communication is competent evidence as to the actual value at the time and place of delivery. The fact that the sale in San Francisco was some weeks prior to the time of delivery of the securities in question was not material, as there was evidence to show that the price of such securities and the conditions had not changed. It was not error, therefore, for the court to deny the motion to strike out the testimony as to the San Francisco sale. I have doubts as to whether the verdict should be sustained for the full amount, but I dissent from a reversal of this judgment upon the ground stated by SCOTT, J.